UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ERIC CASEY, *Plaintiff*, | **STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)** |
| -against- | 9:13-cv-01271 (DNH/TWD) |
| M. BROCKLEY, *et al*, *Defendants*. | |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, plaintiff Eric Casey, by and through his attorney Robert M. Lefland, Esq., of Jacobowitz & Gubits, and the attorney for defendants Michael Brockley, Herbert Colvin, Adam Mayo, Corey Goodrich and Susanne Wanninger, the only remaining parties to the above-entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff hereby discontinues this action with prejudice and without costs, interest or attorney's fees, and discharges and releases defendants Michael Brockley, Herbert Colvin, Adam Mayo, Corey Goodrich and Susanne Wanninger, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or

unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents except as specifically provided in paragraph 4 of this settlement.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in this action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being ordered by the Court, plaintiff shall be paid the sum of Twelve Thousand ($12,000) Dollars in full settlement of any and all claims, which amount includes all sums to which plaintiff is entitled, including but not limited to any damages alleged in the Amended Complaint (appearing on the court's docket at Dkt. No. 52), costs, and attorney's fees. Plaintiff's check will be mailed to him at 385 East 16th Street, Apt 2D, Brooklyn, NY 11226.

5. Payment of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section

17 of the New York Public Officers Law and upon plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

6. Payment of the amount referenced in paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, receipt by counsel of a copy of the so-ordered stipulation and the return of the executed "Standard Voucher" set forth in paragraph 5 above.

7. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the periods set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval.

8. This stipulation shall be null and void if the approvals referred to in paragraph 5 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

9. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Walden, New York
July 8, 2019

Robert M. Lefland, Esq.,
Jacobowitz & Gubits
Counsel for Plaintiff
158 Orange Ave., Walden, NY 12586

Dated: New York, New York
July 6, 2019

Eric Casey
Plaintiff
385 East 16th Street, Apt. 2D
Brooklyn, NY 11226

Dated: Albany, New York
July 8, 2019

LETITIA JAMES, Attorney General
of the State of New York, Attorney for Defendants,
The Capitol, Albany, NY 12224-0341
By: Denise P. Buckley

DENISE BUCKLEY, AAG, of Counsel, Tel.: (518) 776-2294, E-mail: denise.buckley@ag.ny.gov

IT IS SO ORDERED:

_____
David N. Hurd
United States District Judge

Dated: July 8, 2019
Utica, NY